(No. 3604—

MYRTLE TATE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1944.*

DANIEL D. CARMELL AND LEO SEGALL, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

The claimant, Myrtle Tate, was employed by the respondent in the State Department of Labor as an assistant supervisor in the Division of Women's and Children's Employment. Her employment first began according to the record in May, 1935.

The record shows that on the 31st day of July, 1940, it was necessary that she visit the courthouse in Galesburg, Illinois, in order to examine certain records in said courthouse in order to prosecute a violator of the eight

hour law. After entering the courthouse and attending to her business, and as she attempted to descend the outside steps of said courthouse, she slipped and fell headlong down the steps striking her head on the edge of one of them. After she was able to walk, she reentered the courthouse and asked for the services of a doctor. Dr. Charles A. Ross, Galesburg, came at her request and rendered first aid. He then took her to his office and later to St. Mary's Hospital in Galesburg. She remained there for some time.

On August 2, 1940, the claimant notified her department, and more particularly Kate O'Connor, its superintendent, who instructed her to secure whatever medical services were necessary in order to aid in her recovery.

As a result of this permission she incurred the following bills which she testified she paid:

| | |
|---|---:|
| Dr. Charles A. Ross, medical attention | $ 73.00 |
| Dr. Paul Harr, medical attention | 75.00 |
| St. Mary's Hospital, hospitalization | 78.60 |
| Passavant Memorial Hospital | 35.20 |
| Jeane Mosley, massages | 336.00 |
| Chicago Burlington & Quincy Railroad, travel for medical attention | 23.90 |
| LaSalle Hotel and Morrison Hotel | 11.60 |
| Winkler Optical Shop, glasses | 7.00 |
| Riggs Optical Co | 7.00 |
| Dr. Sanford R. Gifford, medical care | 8.00 |
| | $655.30 |

This claim is for the above items only. The State having paid her regular salary to her during the period of her recuperation. She has now fully recovered from the effects of her injuries.

It appears from the record that at the time of this injury, claimant was actually in and about the business of the respondent and that her injury therefore arose out of and in the course of her employment. Under Sec-

tion 8, paragraph a of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. It appears from the record that the services that were rendered to her were necessary and that the charges were reasonable and just.

An award is therefore entered in favor of claimant in the sum of $655.30 to reimburse her for the necessary expenditures as set out in the above items.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."